## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KEVIN COOPER,

    Plaintiff,

      v.

THOMAS J. DART, and COOK
COUNTY SHERIFF'S POLICE
DEPARTMENT,

    Defendants.

No. 19-cv-05349

Judge John F. Kness

## MEMORANDUM OPINION AND ORDER

This case arises out of Plaintiff Kevin Cooper's employment with and later firing from Defendant Cook County Sheriff's Police Department. Plaintiff, who was employed by Defendant as a police officer, lodges several employment discrimination-related claims against Defendants Thomas J. Dart (Sheriff Dart) and the Police Department, including that Plaintiff was discriminated against on the basis of his age, color,[1] and disability; as well as that Defendants failed to accommodate his disability and failed to stop harassment in the workplace.

Defendants moved to dismiss, arguing chiefly that Plaintiff has inadequately pleaded the claims in his complaint. (Dkt. 25 at 3–12.) Defendants also argue that

---

[1] In his complaint, Plaintiff pleaded age, color, and disability discrimination but did *not* plead national origin, race, religion, or sex discrimination. (Dkt. 14 at 3–4.) Accordingly, this Opinion uses the phrase "color discrimination" in referring to the claim Plaintiff brought.

the Police Department is not an entity amenable to suit and that Plaintiff's claims are barred under the doctrine of *res judicata* (claim preclusion). (*Id.* at 12–13.)

With the exception of Defendants' claim preclusion argument—which the Court declines to address at this stage—the Court agrees with Defendants. Plaintiff's complaint is dismissed against the Police Department because the Department is not a suable entity under Rule 17 of the Federal Rules of Civil Procedure. Moreover, although the complaint need not provide "detailed factual allegations" upon which Plaintiff's claims are based, it must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Because key facts are missing such that Plaintiff's complaint does not present a plausible claim, Defendants' motion to dismiss (Dkt. 25) is granted.

## I. BACKGROUND

Plaintiff's complaint (Dkt. 14) is light on facts, and many of his claims are alleged primarily by checkmarks on a standardized complaint form. Plaintiff was employed as a police officer with the Cook County Sheriff's Police Department from 2010 until he was terminated on January 14, 2019. (*Id.* at 9.) Although the complaint does not explain clearly why Plaintiff was terminated, Plaintiff alleges he was terminated after an investigation in which Defendant "took the word of a heroin addict over the word of a sworn, proven officer with 7 years [of] experience" and "despite evidence (video [and] drug test) that [the heroin addict] was lying." (*Id.* at 6.)

After his termination, on June 9, 2019, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission (EEOC), alleging that he was

discriminated against because of his race, age, and disability. (*Id.* at 9.) But the EEOC charge (attached to Plaintiff's complaint) contains few facts about the basis of Plaintiff's charge. On June 14, three days after Plaintiff filed it, the EEOC dismissed the charge and stated that it "[wa]s unable to conclude that the information obtained [from Plaintiff] establishes violations of the statutes" referenced in Plaintiff's complaint. (*Id.* at 8.)

On August 8, 2019, Plaintiff filed this suit.[2] With checks in the corresponding boxes on the complaint form, Plaintiff alleges that Defendants Sheriff Dart and the Cook County Sheriff's Police Department[3] discriminated against him because of his:

(1) age, in violation of the Age Discrimination and Employment Act (ADEA);

(2) color, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; and

(3) disability, in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act.

---

[2] On October 23, 2019, Plaintiff also filed a complaint for administrative review in the Circuit Court of Cook County. (*See* Dkt. 56-1.) That complaint's essence is that the Cook County Sheriff's Merit Board "violated [Plaintiff's] procedural rights, exceeded its jurisdiction and did not proceed legally in reaching its findings of fact and decision" in the underlying investigation that led to Plaintiff's termination. (*Id.* ¶ 10.) An Illinois court affirmed the Merit Board's decision on May 28, 2020. (Dkt. 56-2.)

[3] Although it was not clear at the outset whether Plaintiff intended to sue Sheriff Dart in his individual capacity (*see, e.g.*, Dkt. 25 at 13), Plaintiff concedes in his Response that the suit is against Sheriff Dart in his "official capacity as [t]he Sheriff of Cook County" (Dkt. 33 at 4).

(*Id.* at 3–4.) Plaintiff also alleges, via checked boxes, that Defendants terminated Plaintiff's employment, failed to reasonably accommodate Plaintiff's disabilities, and failed to stop harassment. (*Id.* at 4.) In the appropriate section of the form, Plaintiff's barebones allegations include the following facts beyond those already mentioned:

- "The [Defendant] Department hires mostly younger officers";

- Plaintiff "ha[s] been called or referred to as the old guy [and] other age related names";

- Plaintiff "was subjected to 'old' jokes [and] encouraged to move faster";

- "No reasonable accommodations were ever made available to [Plaintiff] despite [his] disability";

- Plaintiff "had to work 10 hour shifts";

- "The longer [Plaintiff] worked, the more [his] pain levels increased, [and his] limp became more exaggerated due to the pain [and] fatigue";

- "No modified schedules or assignments or part-time were ever made available [to Plaintiff]";

- "The [Defendant] Department levied additional false allegations (policy violations) against [Plaintiff] accusing [him] of lying [and] calling [the heroin addict] 'a reliable source of information initially developed by the Vice Unit.' "

(Dkt. 14 at 5–6.)[4]

---

[4] Plaintiff provides additional facts in his Response brief. (*See, e.g.*, Dkt. 33 at 2 (describing Plaintiff's disability); *id.* at 3 (describing the harassment Plaintiff experienced at work).) But at the motion-to-dismiss stage, the Court's analysis is "limited to pleadings," and "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car*

Defendants moved to dismiss and contend, among other things, that Plaintiff fails to state claims upon which relief can be granted. (Dkt. 25.)

## II.    LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678−79.

## III.    DISCUSSION

A threshold question concerns the identity of Defendants and their amenability to suit. Although Plaintiff sued both Sheriff Dart and the Cook County Sheriff's Police Department, the latter is not a suable entity. Under Rule 17 of the Federal Rules of

---

*Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). This analysis is therefore limited to the factual allegations properly presented in Plaintiff's complaint.

Civil Procedure, the capacity of an entity to be sued is determined by "the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Illinois law makes clear that the Cook County Sheriff's Police Department is not a separate legal entity subject to suit. *See Jackson v. Cook Cnty. Sheriff Police Dep't*, 2004 WL 2632927, at *2 (N.D. Ill. Nov. 17, 2004) ("The 'Cook County Sheriff's Police Department' lacks the necessary separate legal existence to be sued."). Accordingly, the Court dismisses all claims against Defendant Cook County Sheriff's Police Department, and the remainder of this Opinion addresses only the adequacy of Plaintiff's claims against Sheriff Dart.

Plaintiff raises several possible claims against Sheriff Dart, which the Court addresses in turn: (A) a color discrimination claim under Title VII; (B) a color discrimination claim under § 1981; (C) disability-related claims under the ADA and the Rehabilitation Act; and (D) an age discrimination claim under the ADEA.

### A.    Plaintiff's Title VII Color Discrimination Claim

As a general rule, plaintiffs "may not bring claims under Title VII that were not originally included in the charges made to the EEOC." *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011) (quoting *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003)); *see also Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019). But "because most complaints 'are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint.'" *Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 926 (7th Cir. 2018) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). A plaintiff may therefore bring claims not

included in an EEOC charge if they are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Moore*, 641 F.3d at 256 (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). Actions brought under Title VII are like or reasonably related to the EEOC charge allegations when there is a "factual relationship between them" such that they "must, at minimum, describe the same conduct and implicate the same individuals." *Cheek*, 31 F.3d at 501. But merely checking off boxes in the EEOC charge is insufficient to make the EEOC charge "like or reasonably related to" the complaint's claims. *Moore*, 641 F.3d at 256; *Cheek*, 31 F.3d at 500–01. When a plaintiff fails to exhaust his or her administrative remedies, a court must dismiss the unexhausted count without prejudice. *Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) (citing *McGuinness v. United States Postal Serv.*, 744 F.2d 1318, 1321 (7th Cir. 1984)).

In his EEOC charge, Plaintiff alleges that he was "discriminated against because of [his] *race*, Black, in violation of Title VII of the Civil Rights Act of 1965, as amended." (Dkt. 14 at 9 (emphasis added).) But "an allegation of race discrimination does not automatically create the assumption that color is associated." *Williams v. Cnty. of Cook*, 969 F. Supp. 2d 1068, 1078 (N.D. Ill. 2013). Several courts in this District have held that "allegations of race discrimination do not automatically encompass color discrimination claims, meaning a color discrimination claim does not grow out of a race discrimination charge for exhaustion purposes." *Nickerson v. US Airways, Inc.*, 2016 WL 3563807, at *4 (N.D. Ill. July 1, 2016) (collecting cases); *see also Thompson v. Fairmont Chi. Hotel*, 525 F. Supp. 2d 984, 989–90 (N.D. Ill. 2007)

(dismissing claim in which the plaintiff's "EEOC charge alleg[ed] she was discriminated against on the basis of color, [but there was] no indication that evidence of this type of discrimination would have arisen from an investigation of her discrimination claims on the basis of race"). Plaintiff here did not elaborate on any factual relationship between the EEOC charge's race discrimination claim and the complaint's color discrimination claim. Plaintiff instead merely asserted that he was discriminated against and checked the box for color discrimination in his complaint. (Dkt. 14 at 3.) Without more, Plaintiff has not pleaded color discrimination sufficiently such that the color discrimination claim is reasonably related to the race discrimination claim. Accordingly, Plaintiff did not exhaust his administrative remedies before filing this action. Because Plaintiff failed to exhaust his administrative remedies before the EEOC, his color discrimination claim under Title VII is dismissed without prejudice. *Teal*, 559 F.3d at 693.

## B. Plaintiff's § 1981 Color Discrimination Claim

Plaintiff also alleges color discrimination under Section 1981. But Section 1981 provides no right of action against state actors. Rather, "Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989); *see Campbell v. Forest Pres. Dist. of Cook Cnty.*, 752 F.3d 665, 667 (7th Cir. 2014) ("§ 1981 itself provides a remedy for violations committed by private actors, but an injured party must resort to § 1983 to obtain relief for violations committed by state actors."). Accordingly, Plaintiff's

Section 1981 color discrimination claim is dismissed with prejudice. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("District courts have broad discretion to deny leave to amend where . . . amendment would be futile.").

### C.   Plaintiff's Disability-Related Claims

Under the ADA and the Rehabilitation Act, Plaintiff attempts to assert two separate claims alleging (1) disparate treatment; and (2) a failure to accommodate his disability. (Dkt. 14 at 4.) But the nature of Plaintiff's disability is not clear from the complaint: Plaintiff alleges only that "[t]he longer [he] worked, the more [his] pain levels increased, [and his] limp became more exaggerated due to the pain [and] fatigue." (*Id.* at 6.) In terms of accommodations, Plaintiff alleges that "[n]o modified schedules, assignments or part-time were ever made available." (*Id.*) As explained below, these bare allegations, without more, are insufficient to survive Sheriff Dart's motion to dismiss.

#### 1.   *Disparate Treatment Claim*

Under the ADA, discrimination against "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment" is prohibited. 42 U.S.C. § 12112(a). For a disparate treatment claim under the ADA, a plaintiff must establish that "she [1] was disabled within the meaning of the ADA, [2] was qualified to perform her job, and [3] suffered an adverse employment action because of her disability." *Clark v. SMG Corp.*, 2018 WL 4699763, at *6 (N.D. Ill. Sept. 30, 2018). As for the Rehabilitation

Act, it is "co-extensive with the ADA" and, with an exception not relevant here, "the analysis under both statutes is the same." *Dennis v. Curran*, 2017 WL 264497, at *3 (N.D. Ill. Jan. 20, 2017); *see Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997).

Plaintiff's complaint, as it stands, fails to set forth a plausible claim under the ADA and the Rehabilitation Act. Plaintiff fails plausibly to allege that he has a disability or that he suffered an adverse employment action because of that asserted disability. What remains are bare assertions and legal conclusions that fail to present a "plausible factual narrative that conveys a story that holds together." *Kaminski*, 23 F.4th at 777.

a.   Plaintiff's Disability

Under the ADA, a "disability" is "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). These same requirements pertain to the Rehabilitation Act. *See* 34 C.F.R. 104.3(j)(1) (defining "handicapped" under the Act). Not every medical affliction "amounts to, or gives rise to, a substantial limitation on a major life activity." *Cassimy v. Bd. of Educ. of Rockford Pub. Sch., Dist. No. 205*, 461 F.3d 932, 936 (7th Cir. 2006). Instead, the "critical question" concerns "the effect of the impairment on the life of the individual." *Id.* "Vague[]" allegations are not enough to survive a motion to dismiss. *See Mohammed v. DuPage Legal Assistance Found.*, 781 F. App'x 551, 552–53 (7th Cir. 2019) (affirming dismissal of ADA claim by plaintiff alleging that he had

10

"emotional disabilities"); *see also Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019) (plaintiff "advancing a claim under the ADA must allege that he is disabled but, with or without reasonable accommodation, can still do the job. Normally he also must allege what exactly makes him disabled.").

Plaintiff alleges that "[t]he longer [he] worked, the more [his] pain levels increased [and his] limp became more exaggerated due to the pain [and] fatigue." (Dkt. 14 at 6.) But Plaintiff offers no details about the cause of his pain, limp, and fatigue such that these maladies constitute a disability. And even if Plaintiff's maladies constitute a disability (it is unclear whether the limp, fatigue, and pain are a singular disability or separate disabilities), Plaintiff provides no details regarding how these difficulties impaired his ability to work and live. Plaintiff's vague allegations are thus insufficient to give Defendant "fair notice" of the basis of Plaintiff's disparate treatment claim. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015).

b.    Adverse Employment Action

An adverse employment action is "a materially adverse change in the terms and conditions of employment [that is] more disruptive than a mere inconvenience or an alteration of job responsibilities." *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017) (quoting *Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1001 (7th Cir. 2000)). Such adverse actions might include "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change

in benefits." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 838 (7th Cir. 2008) (quoting *Bell v. E.P.A.*, 232 F.3d 546, 555 (7th Cir. 2000)).

Even if Plaintiff had adequately alleged the existence of a disability, he has not alleged that any adverse action was taken against him because of that disability. Plaintiff's complaint is apparently based on his suspension and subsequent termination. But the complaint explains that the suspension followed an "investigation" (Dkt. 14 at 6); it draws no connection between Plaintiff's suspension or termination and his disability. It is as though Plaintiff begins with the conclusion that he was the victim of discrimination and then tries to work backward to show how. Such mere legal conclusions are, however, typically insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. Accordingly, Plaintiff's disparate treatment claim under the ADA and the Rehabilitation Act is dismissed.

### 2.    *Failure-to-Accommodate Claim*

To establish a failure-to-accommodate claim, the Plaintiff "must show (1) he is a qualified individual with a disability; (2) the employer was aware of his disability; and (3) the employer failed to reasonably accommodate the disability." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 224 (7th Cir. 2015) (cleaned up). Even if Plaintiff had adequately alleged a disability (which he did not), Plaintiff fails to provide any detail regarding whether his employer was aware of his disability. Plaintiff's complaint also contains no details about when, if ever, Plaintiff submitted details about a disability to Defendant. Plaintiff instead states only that "[n]o modified schedules, assignments or part-time were ever made available." (Dkt. 14 at

6.) These threadbare allegations do not plausibly state a claim such that Plaintiff "conveys a story that holds together." *Kaminski*, 23 F.4th at 777. Accordingly, the failure to accommodate claim is also dismissed.

### D.    Plaintiff's ADEA Claim

Plaintiff finally alleges that he was discriminated against on the basis of his age in violation of the ADEA. (Dkt. 14 at 3, 5); *see* 29 U.S.C. § 623(a). To establish a violation of the ADEA, Plaintiff "must show that: (1) [he] falls within the protected age group—that is, [he] is at least 40 years old; (2) [he] performed [his] job satisfactorily; (3) despite [his] satisfactory performance, [he] suffered a materially adverse employment action; and (4) younger employees situated similarly to the plaintiff were treated more favorably." *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 (7th Cir. 2001).

Plaintiff has alleged that he is at least 40 years old. (Dkt. 14 at 9 (EEOC charge noting that Plaintiff was born in 1967).) But Plaintiff's allegations do not provide sufficient detail to plausibly allege an ADEA claim. On the contrary, Plaintiff's complaint merely explains that Plaintiff's suspension followed from an investigation (*id.* at 6). Plaintiff does not, however, draw any connection between his age and any (mis)treatment by Defendant; Plaintiff instead merely checks the age discrimination box on the complaint form and then presents bare assertions such as, "The Department hires mostly young officers." (*Id.* at 5.) Such bare legal conclusions are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678–79.

13

Plaintiff's ADEA claim might, to be sure, be better understood as alleging the existence of a hostile work environment. (*See* Dkt. 14 at 4 (alleging that Defendant failed to "stop harassment").) But to rise to the level of a hostile work environment, the alleged "conduct must be sufficiently severe or pervasive to alter the conditions of employment such that it creates an abusive working environment." *Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840 (7th Cir. 2009); *see Phillipson v. Kelly*, 2017 WL 1105399, at *6 (N.D. Ill. Mar. 24, 2017) (applying *Scruggs* to the ADEA context). Plaintiff alleges only that he was "called or referred to as the old guy [and] other age related names" as well as that he "was subjected to 'old' jokes [and] encouraged to move faster." (Dkt. 14 at 5.) Yet "[o]ffhand comments, isolated incidents, and simple teasing" are not enough to set forth a viable hostile work environment claim. *Scruggs*, 587 F.3d at 840–41. Accordingly, even construed as such a claim, Plaintiff's complaint is inadequate to survive Defendant's motion to dismiss.

### E.    Res Judicata/Claim Preclusion

In supplemental filings, Defendant argues that the present suit is barred by the doctrine of *res judicata* (claim preclusion) because of the state court's adjudication of Plaintiff's challenge to the Merit Board's decision. (*See* Dkt. 56.) Under that doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)).

Dismissing Plaintiff's action on claim preclusion grounds is not appropriate at this stage. First, as Defendant concedes, "Plaintiff did not raise allegations of discrimination in his state court case." (Dkt. 56 at 7.) It may be true that Plaintiff "could have raised such claims" in his appeal of the Merit Board's decision (*id.*) (the Court declines to address that question), but the heart of Plaintiff's state-court challenge was the procedural defects allegedly endemic to the Board's termination proceedings. That administrative challenge differs from the substantive discrimination claims raised in this case.

Second, the Court does not yet have adequate information about the substantive claims asserted in this case to evaluate whether there is "an identity of the causes of action," *Highway J Citizens Grp.,* 456 F.3d at 741, between this case and the state-court case. A claim has "identity" with a previously litigated matter "if it emerges from the same 'core of operative facts' as that earlier action." *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338–39 (7th Cir. 1995) (quoting *Colonial Penn Life Ins. Co. v. Hallmark Ins. Admin., Inc.,* 31 F.3d 445, 447 (7th Cir. 1994)). As explained above, Plaintiff's complaint is missing key details about the basis of Plaintiff's discrimination claims that are necessary to the Court's evaluation of whether these claims arise from the same "operative facts." Accordingly, the Court declines, without prejudice, to decide at this point whether Plaintiff's complaint is barred under the doctrine of *res judicata* (claim preclusion).

## IV.   CONCLUSION

Defendant's motion to dismiss is granted. Plaintiff's § 1981 color discrimination claim is dismissed with prejudice because that claim cannot be brought against state actors. *Stanard*, 658 F.3d at 797. All of Plaintiff's other claims are dismissed without prejudice. If Plaintiff believes he can remedy the deficiencies identified in this Opinion, he may amend his complaint on or before March 6, 2023. If no amended complaint is filed by that date, this order will automatically convert to a dismissal with prejudice.

SO ORDERED in No 19-cv-05349.

Date: February 13, 2023

_____
JOHN F. KNESS
United States District Judge